1  FISHER & PHILLIPS LLP
   MARK J. RICCIARDI, ESQ.
2  Nevada Bar No. 3141
   WHITNEY J. SELERT, ESQ.
3  Nevada Bar No. 5492
4  3800 Howard Hughes Parkway
   Suite 950
5  Las Vegas, NV  89169
   Telephone:  (702) 252-3131
6  Facsimile:  (702) 252-7411
7  E-Mail Address:  wselert@laborlawyers.com

8  Attorneys for Defendant

9              **UNITED STATES DISTRICT COURT**

10                 **DISTRICT OF NEVADA**

11  LEE BUTLER, an Individual,          )   Case No. A-15-719273-C
                                        )
12            Plaintiff,                )
                                        )   **NOTICE OF REMOVAL OF**
13       vs.                            )   **ACTION**
                                        )
14  CLARK COUNTY, a political           )
15  subdivision of the STATE OF NEVADA, )
    DOES 1 through 10; and ROE          )
16  CORPORATIONS 11 through 20,         )
    inclusive,                          )
17                                      )
18            Defendants.

19  _____

20  TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

21       PLEASE TAKE NOTICE that Defendant, Clark County, by and through its

22  counsel, FISHER & PHILLIPS LLP, hereby files this Notice of Removal of Action of

23  this cause from the Eighth Judicial District Court of the State of Nevada, Case No. A-
24  15-719273-C (the "State Action"), in which it is now pending, to the United States

25  District Court for the District of Nevada, and respectively states as follows:

26       1.   The jurisdiction of this court is invoked under 28 U.S.C. § 1331 and 29

27  U.S.C. § 2615, *et seq.*

*Left margin (vertical text):* FISHER & PHILLIPS LLP / 3800 Howard Hughes Parkway, Suite 950 / Las Vegas, Nevada 89169

FPDOCS 31003814.1

2.      On June 2, 2015, Plaintiff filed his Complaint in the State Action, which Complaint was served on Defendant on August 17, 2015.  All process, pleadings and orders served on Defendant in connection with the State Action are attached.

3.      The grounds for removal are as follows: the Complaint alleges claims under the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq.*, presenting a federal question pursuant to 28 U.S.C. § 1331.

4.      This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED this 2nd day of September, 2015.

FISHER & PHILLIPS LLP


 /s/ Whitney J. Selert, Esq.
SCOTT M. MAHONEY, ESQ.
WHITNEY J. SELERT, ESQ.
3800 Howard Hughes Parkway
Suite 950
Las Vegas, Nevada 89169

Attorneys for Defendants

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 2nd day of September, 2015, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing Notice of Removal of Action with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

Christian Gabroy, Esq.


By:  /s/ Lorraine James-Newman
        An employee of Fisher & Phillips LLP

FISHER & PHILLIPS LLP
3800 Howard Hughes Parkway, Suite 950
Las Vegas, Nevada 89169

FPDOCS 31003814.1

- 2 -

Electronically Filed
06/02/2015 02:05:27 PM

**CLERK OF THE COURT**

**COMP**
GABROY LAW OFFICES
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
CHRISTIAN@GABROY.COM
*ATTORNEYS FOR PLAINTIFF*

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

LEE BUTLER, an individual;

      Plaintiff,

vs.

CLARK COUNTY, a political subdivision
of the STATE OF NEVADA; DOES 1
through 10; and ROE Corporations 11
through 20, inclusive,

      Defendants.

Case No.: A-15-719273-C
Dept.:    XIX

**Complaint**

**(Jury Demand)**

**COMPLAINT**

COMES NOW Plaintiff Lee Butler ("Plaintiff" or "Butler"), by and through his

attorney Christian Gabroy, Esq. and Ivy Hensel, Esq. of Gabroy Law Offices, and

complains of Defendant Clark County, a political subdivision of the State of Nevada

(referred to herein as "Defendant") as follows:

**VENUE AND JURISDICTION**

1.    This is a civil action for damages under state and federal laws prohibiting

unlawful employment actions and to secure the protection of and to redress deprivation of

rights under these laws.

Page 1 of 6

2.    Jurisdiction and venue is based upon 28 U.S.C. § 2617(a)(2) and Plaintiff's claims under Nevada common law.  Further, Plaintiff demands a jury trial on all issues triable by jury herein.

3.    All alleged unlawful employment actions occurred in this judicial district.

### THE PARTIES

4.    At the time the relevant events occurred, Plaintiff, at all times relevant, was

(a) an individual residing in this judicial district;

(b) an employee of Defendant as that term is defined in the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, and NRS Chapter 613;

5.    Defendant is a governmental entity existing within the State of Nevada and is responsible for the Department of Aviation located in Clark County, Nevada.

6.    At all times relevant, Defendant Clark County was Plaintiff's employer as that term is defined at 29 U.S.C. § 2611 and NRS Chapter 613.

7.    At all times relevant, Defendant Clark County had custody and/or control over Plaintiff and his employment and was responsible for Plaintiff's labor and employment matters.

8.    DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendants.  Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendants or who may be officers, employees, or agents of Defendants and/or a ROE CORPORATION or a related

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

business entity. These DOE/ROE Defendants were Plaintiff's employer(s) are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## THE FACTS:

9.      Plaintiff was hired by Defendant in or about February 24, 2003. Plaintiff was employed as a custodian.

10.     Plaintiff is a father and husband who provides for his family.

11.     Plaintiff suffered from a serious health condition.

12.     On or about February 18, 2010, Plaintiff was diagnosed with hypertension, a serious health condition.

13.     On or about February 18, 2010, Plaintiff applied for Family Medical Leave Act ("FMLA").

14.     On or about December 10, 2012, Defendant held an investigation regarding Plaintiff's FMLA leaves of absence. This matter was closed as results were inconclusive.

15.     On or about April 11, 2012, Plaintiff was approved for FMLA leave beginning from April 2, 2012 to April 1, 2013.

16.     On or about March 29, 2013, Plaintiff's doctor signed certification of Plaintiff's serious health condition. Plaintiff was certified to use FMLA leave for one to two day intervals at the frequency of one to two times per month, three to four times per year. Plaintiff's doctor certified that Plaintiff's serious health condition would cause episodic flare-ups periodically preventing the employee from performing his job functions making it medically necessary for Plaintiff to be absent from work during such flare-ups.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

See attached certification of health care provider for employee's serious health condition hereto as Exhibit I.

17.  On or about April 4, 2013, Plaintiff was approved for intermittent FMLA leave beginning from April 2, 2013 to April 1, 2014. See attached correspondence hereto as Exhibit II.

18.  On or about May 12, 2013 Plaintiff used an FMLA leave of absence from work.

19.  On or about the same day, Plaintiff left his home to go to the grocery store for about forty minutes to purchase food for himself and his family. Plaintiff did not violate his doctor's restrictions at any time.

20.  On or about the same day of May 12, 2013, Defendant intruded upon Plaintiff's personal affairs after Defendant exercised his federally protected rights. Defendant through its agent monitored Plaintiff, followed Plaintiff, and recorded Plaintiff without his permission through electronic surveillance.

21.  On or about May 20, 2013, an investigation was held to discuss Plaintiff's use of an FMLA leave of absence on or about May 12, 2013.

22.  During such investigation, Plaintiff explained that he used an FMLA leave of absence because of a flare up of his serious medical condition. Plaintiff further explained that he took medication and, after feeling well enough, he went to the grocery store to buy food for himself and his family. Plaintiff explained that upon arriving home from the store, he again did not feel well. Although Plaintiff still was not feeling well, he cooked food for himself and his family because he needed to have food in his stomach.

23.  On or about May 28, 2013, Defendant terminated Plaintiff. Defendant terminated Plaintiff for alleged "false statements," and "improper use of sick leave." See

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

termination form hereto as Exhibit III.

24.     Upon information and belief, Defendant violated its own policies and procedures regarding progressive disciplines when it terminated Plaintiff as Defendant failed to follow an additional step in the progressive discipline process.

<div align="center">

**COUNT I**
**VIOLATION OF FAMILY MEDICAL LEAVE ACT**

</div>

25.     Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 24 as if fully incorporated by reference herein.

26.     Plaintiff, by taking medical leave because of his serious medical condition, exercised his rights under FMLA.  Employer Defendant Clark County committed the aforementioned conduct, including Plaintiff's termination, in reckless and willful violation of Plaintiff's federally protected rights.  Defendant's aforementioned conduct including such termination of Plaintiff resulted in Defendant engaging in activity that chilled the exercise of Plaintiff's rights, caused interference, caused harassment, retaliated against Plaintiff for exercising his rights under the FMLA, and/or discriminated against Plaintiff in violation of the FMLA 29 USC § 2615 *et. seq.*  Defendant's aforementioned conduct and resulting termination of Plaintiff was motivated by the exercise of Plaintiff's rights under FMLA and was in violation of the FMLA.

27.     Defendant discriminated against and discharged Plaintiff for taking FMLA leave and exercising his FMLA protected rights.  Defendant did not allow Plaintiff to utilize his federally protected FMLA leave and terminated him while he was out on FMLA.

28.     Defendant interfered with, restrained, and/or denied the exercise of and/or the attempt to exercise Plaintiff's rights under the FMLA.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

      1.    For general damages in excess of $10,000.00;

      2.    For special damages in excess of $10,000.00;

      3.    For consequential damages in excess of $10,000.00;

      4.    For punitive damages in excess of $10,000.00;

      5.    For liquidated damages in excess of $10,000.00;

      5.    For injunctive relief;

      6.    Such other and further relief as the Court may deem just and proper.

DATED this _9th_ day of June 2015.

<div style="margin-left:40%">

GABROY LAW OFFICES

By    _____/s/ Christian Gabroy_____

GABROY LAW OFFICES
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax   (702) 259-7704
*ATTORNEYS FOR PLAINTIFF*

</div>

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

Certification of Health Care Provider for
Employee's Serious Health Condition
(Family and Medical Leave Act)

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



OMB Control Number: 1215-0181
Expires: 12/31/2011

## SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies.

Employer name and contact: Department of Aviation Employee Services, P.O. Box 11005, Las Vegas, NV 89111; Attn: Theresa Jong

Employee's job title: _____ Regular work schedule: _____

Employee's essential job functions: _____

Please contact Theresa Jong to obtain a copy of the job description. Phone 702-261-4620, Fax 702-261-5096, or email: theresaj@mccarran.com

Check if job description is attached: _____

## SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: <u>Lee</u> <u>Butler</u>
First                    Middle                    Last

## SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

Provider's name and business address: <u>Binh Tran M.D.</u>

Type of practice / Medical specialty: <u>Family Practice</u>

Telephone: ( <u>702</u> ) <u>657-9555</u>     Fax: ( <u>702</u> ) <u>657-8393</u>

## PART A: MEDICAL FACTS

1. Approximate date condition commenced: _prior to 2-18-10_

Probable duration of condition: _lifetime_

**Mark below as applicable:**
Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
_X_ No ____ Yes. If so, dates of admission:

_____

Date(s) you treated the patient for condition:

_Since 2-18-10 last 2 OV 3/14/11 & 3/29/13_

Will the patient need to have treatment visits at least twice per year due to the condition? ____ No _X_ Yes.

Was medication, other than over-the-counter medication, prescribed? ____ No _X_ Yes.

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
_X_ No ____ Yes. If so, state the nature of such treatments and expected duration of treatment:

_____

2. Is the medical condition pregnancy? _X_ No ____ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section 1 to answer this question. If the employer fails to
   provide a list of the employee's essential functions or a job description, answer these questions based upon
   the employee's own description of his/her job functions.

   Is the employee unable to perform any of his/her job functions due to the condition: _X_ No ____ Yes.

   If so, identify the job functions the employee is unable to perform:

   _____

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave
   (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use
   of specialized equipment):

   _hypertension_

   _____

   _____

   _____

   _____

   _____

## PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?  _X_No  ___Yes.

    If so, estimate the beginning and ending dates for the period of incapacity: _____

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?  ___No  _X_Yes.

    If so, are the treatments or the reduced number of hours of work medically necessary?
    ___No  _X_Yes.

    Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

    1-2 times per month 3-4 times per year

    Estimate the part-time or reduced work schedule the employee needs, if any:

    _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?  ___No  _X_Yes.

    Is it medically necessary for the employee to be absent from work during the flare-ups?
    ___ No  _X_Yes. If so, explain:

    1-2 times per month 3-4 times per year when symptoms occur

    Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

    Frequency: 1-2 times per ____ week(s) 1 month(s)

    Duration: _____ hours or 1-2 day(s) per episode

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

_____

_____

_____

_____

_____

_____

Page 3                    CONTINUED ON NEXT PAGE              Form WH-380-E  Revised January 2009



Signature of Health Care Provider                    Date

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Form WH-380-E  Revised January 2009

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring Genetic Information of employees or their family members. In order to comply with this law, we are asking that you not provide any Genetic Information when responding to this request for information. "Genetic Information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and Genetic Information of a fetus carried by an individual or and individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services. 29 CFR § 1635.8(b)(1)(B).

# EXHIBIT II



# LAS VEGAS
McCARRAN INTERNATIONAL AIRPORT



RECEIVED
APR 09 2013
DEPARTMENT OF AVIATION
PAYROLL

**Department of Aviation**

**RANDALL H. WALKER**
DIRECTOR

**ROSEMARY A. VASSILIADIS**
DEPUTY DIRECTOR

POSTAL BOX 11005
LAS VEGAS, NEVADA 89111-1005
(702) 261-5211
FAX (702) 597-9553
E-MAIL: webmaster-2@mccarran.com

April 4, 2013

**CERTIFIED**
7012 2210 002 6399 5801

Mr. Lee Butler

Reference:   Request for Family Medical Leave (FMLA) - INTERMITTENT

Dear Lee:

Your request for leave due to your own serious health condition as provided under the Family Medical Leave Act of 1993 has been approved from April 2, 2013 intermittently for a maximum of 480 hours through April 1, 2014. Your physician indicated that you may require scheduled absences twice per year, and unscheduled absences once or twice per month lasting one to two days per episode. Whenever possible, please make every effort to arrange scheduled absences to minimize the amount of time you are away from work and to avoid disruption of your work unit. Please be sure to always follow your division's absence notification procedures, particularly if you are unable to work due to unforeseen circumstances.

**Please be advised that an employee is only allowed 480 hours of FMLA in any 12-month period, measured backwards from the date that leave is taken. As of your paycheck dated April 5, 2013, our records indicate that you have used 461.25 hours of FMLA based on the previous rolling 12-month calendar year that the County uses to determine eligibility. This does not include any payroll adjustments that may occur as a result of this letter. Please check with your payroll clerk periodically to determine your FMLA hourly balance.**

Only absences relating to the health condition(s) the physician certified are approved for Intermittent Leave under the Family Medical Leave Act. Any absences that are not related to the approved health condition(s) are subject to the standard attendance policies. Each time you are absent due to the approved medical condition, you must submit a Department Leave Request to your supervisor designating your time as **FMLA-Self**, and provide a general reason for the absence (i.e.: doctor appointment, etc.).

While on FMLA leave, the following conditions apply:

1) Health Care Coverage

If you apply for and are granted intermittent FMLA leave, Clark County will continue to pay its portion of the monthly premium and you will be expected to pay your portion of the premium. Please contact the Risk Management Department at (702)455-4544 to discuss your insurance responsibilities.



**Clark County Board of Commissioners**
Susan Brager, Chair • Steve Sisolak, Vice-Chair
Larry Brown • Tom Collins • Chris Giunchigliani • Mary Beth Scow • Lawrence Weekly

2) Pay Status

You are required to use accrued paid leave during your FMLA leave in accordance with Policy X, Article 11, Section V of the Clark County Merit Personnel System. Once your accrued paid leave banks are exhausted, you will be placed in a FMLA leave without pay status (LWOP) until your return.

3) Employment Rights

You will retain your right to your current position during the course of your intermittent leave provided that your absences do not disrupt the operations of your department. If your absences result in the disruption of department operations, Clark County reserves the right to transfer you temporarily to an alternate position that will better accommodate the duration of your intermittent leave. If you continue to utilize your FMLA leave intermittently, your vacation, sick and seniority accruals will not be affected. However, if you enter into a LWOP status, you will **not** accrue any vacation or sick leave credits during any such leave period, but your seniority will not be affected. If you are in a LWOP status in excess of 21 days, your longevity date will be adjusted upon your return to cover the LWOP period.

4) Leave Verification

Pursuant to CFR §825.307(c), Clark County may require re-certification every 30 days which will require you to provide the requested information within 15 calendar days of written notice. Clark County may also request a second or third medical opinion regarding your FMLA request at its expense.

If you have any questions regarding the information contained in this letter, please contact me at (702)261-4620.

Sincerely,

Theresa A. Jong
Department of Aviation Human Resources


cc:   Randall H. Walker, Director of Aviation
      Rosemary A. Vassiliadis, Deputy Director of Aviation
      Ralph LePore, Assistant Director of Terminal Operations
      DOA Payroll
      Clark County Risk Management
      FMLA File

# EXHIBIT III

# DEPARTMENT OF AVIATION
## PROGRESSIVE DISCIPLINE

This form is to be used to document all discipline (oral warnings, admonishments, written reprimand, final written warning, termination, and involuntary demotions).

EMPLOYEE NAME:   LEE BUTLER

TITLE:   CUSTODIAN

DIVISION:   TERMINAL OPERATIONS

DATE:   MAY 28, 2013

NAME AND TITLE OF PERSON COMPLETING FORM:   RALPH LEPORE, ASSISTANT DIRECTOR

## TYPE OF ACTION:

| | |
|---|---|
| ☐ ORAL WARNING | ☐ ADMONISHMENT |
| ☐ WRITTEN REPRIMAND | ☐ FINAL WRITTEN WARNING   ☒ TERMINATION |
| ☐ INVOLUNTARY DEMOTION | ☐ SUSPENSION (Article 36 only) |

**DATE AND TYPE OF LAST ACTION:** (Only if pertinent to this discipline)
Oral Warning: Issued on 2/7/12 regarding violations DOA Code of Conduct.
Admonishment: Issued on 2/22/12 regarding violations DOA Code of Conduct.
Written Reprimand: Issued on 10/3/12 regarding violations DOA Code of Conduct.
Memo: Issued on 1/3/13 regarding use of FMLA.

**DESCRIPTION OF INCIDENT:** (where, when, whom, what, witnesses)
Lee, on Monday, May 20, 2013 an investigation was held with you to discuss your FMLA sick call on May 12, 2013. During the investigation, you indicated that although you called off (FMLA) for your entire shift on that date, you took medication and began to feel better, and so you did leave your home to go to the store. You also admitted that you did not inform your supervisor of this action which is a requirement under the SEIU Collective Bargaining Agreement. When asked why you did not inform your supervisor, you indicated that you did not know you had to do this. You were also asked why if you were feeling better, after taking your medication, you did not report to work instead of going to the store? You stated that when you got home from the store you felt sick again and couldn't make it to work and that you did nothing upon returning home. However, when asked how you were able to grill/cook outside in the heat of the day for approximately one and a half hours if you were feeling sick you indicated that you had to eat and it was no big deal.

Our records display that you received a memorandum dated January 3, 2013 which resulted from an investigation held with you on December 10, 2012 regarding the proper use of FMLA. In the memorandum, it clearly states the following:

"....Use of FMLA for anything other than what was approved by the physician is a violation of the conditions under FMLA and a violation of the Department of Aviation Attendance Policy. At all times during a sick leave use period, employees shall be at their place of residence, a medical facility, or a doctor's office or shall notify their department head or designee of their whereabouts. (Article 24, Section 4, Paragraph (d) of the SEIU/Clark County Collective Bargaining Agreement)."

Your false statements, as well as your improper use of FMLA sick leave are violations of the SEIU/Clark County Collective Bargaining Agreement (Article 24, Section 4, Paragraph d) and the Clark County Department of Aviation Employee Manual, Section 1.2 "Disregard for, failure to comply with, or inattention to working directions....."; Section 1.8 "Making false statements...to the Department of Aviation...providing misinformation..."; and also Section 1.12 "....unethical...dishonest...conduct, including conduct demonstrating untrustworthiness, unreliability, or use of poor judgment."

**REQUIRED CORRECTIVE ACTION:**
Lee, the FMLA program is a federal program which allows employees to take time off intermittently for a serious health condition. The integrity of the program is jeopardized when individuals utilize it for a purpose other than for which it was intended and the protections of FMLA do not cover situations where the employee has misrepresented the reason for leave. You have been previously counseled on the issue that is now before us. Due to the egregious nature of this action, a step in the progressive discipline has been bypassed. Also, as a result of all the aforementioned

the Division is recommending that your employment be terminated. **Effective immediately, you will be placed on paid Administrative Leave pending a Step One Pre-Termination meeting, which will be held on June 6, 2013 at 12:45pm, in the 3 Main Conference Room of the third floor in the Director's Office.** You have the right to union representation at this meeting and it is your responsibility to contact the union and make arrangements if you so desire.

If you feel you may have personal problems contributing to your unsatisfactory conduct, please feel free to contact the Clark County Employee Assistance Program. Felice Lipkint, Manager, can be reached at 455-3066.

---

I have read, discussed and understand the contents of the above memo.

Employee Signature: _____
(Your signature does not indicate that you concur, only that you have been presented with this information.)

Date: 5-30-13

---

Distribution:
Original:     Clark County Human Resources
Copies:       Rosemary A. Vassiliadis, Director of Aviation
              Harry Waters, Deputy Director of Aviation
              Moses Pastor, Custodial Superintendent
              DOA Employee Services
              Terminal Operations Division File

DOA HR 07/2008

**IAFD**
Gabroy Law Offices
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel      (702) 259-7777
Fax      (702) 943-1936
christian@gabroy.com
Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LEE BUTLER, an individual; | Case No. A-15-719273-C |
| Plaintiff, | Dept.    XIX |
| vs. | |
| | **Initial Appearance Fee Disclosure** |
| CLARK COUNTY, a political subdivision of the STATE OF NEVADA; DOES 1 through 10; and ROE Corporations 11 through 20, inclusive, | |
| Defendants. | |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

       Lee Butler, Plaintiff                  $270.00

       TOTAL REMITTED              $270.00

Dated this 2nd day of June 2015.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1

GABROY LAW OFFICES.

2
By:   /s/ Christian Gabroy
Christian Gabroy (#8805)

3
Ivy Hensel (#13502)
170 South Green Valley Parkway,

4
Suite 280
Henderson, Nevada 89012

5
Tel     (702) 259-7777

6
Fax     (702) 259-7704
christian@gabroy.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# DISTRICT COURT CIVIL COVER SHEET
Clark County, Nevada

Case No. A-15-719273-C   Dept. XIX
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

Plaintiff(s) (name/address/phone):

Lee Butler

Defendant(s) (name/address/phone):

Clark County, a political subdivision of the State of Nevada; DOES 1 through 10; and ROE Corporations 11 through 20, inclusive,

Attorney (name/address/phone):

Gabroy Law Offices

170 S. Green Valley Parkway, Suite 280

Henderson, NV 89012

(702) 259-7777

Attorney (name/address/phone):

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

#### Real Property

**Landlord/Tenant**
- [ ] Unlawful Detainer
- [ ] Other Landlord/Tenant

**Title to Property**
- [ ] Judicial Foreclosure
- [ ] Other Title to Property

**Other Real Property**
- [ ] Condemnation/Eminent Domain
- [ ] Other Real Property

#### Negligence
- [ ] Auto
- [ ] Premises Liability
- [ ] Other Negligence

**Malpractice**
- [ ] Medical/Dental
- [ ] Legal
- [ ] Accounting
- [ ] Other Malpractice

#### Torts

**Other Torts**
- [ ] Product Liability
- [ ] Intentional Misconduct
- [x] Employment Tort
- [ ] Insurance Tort
- [ ] Other Tort

#### Probate

**Probate** *(select case type and estate value)*
- [ ] Summary Administration
- [ ] General Administration
- [ ] Special Administration
- [ ] Set Aside
- [ ] Trust/Conservatorship
- [ ] Other Probate

**Estate Value**
- [ ] Over $200,000
- [ ] Between $100,000 and $200,000
- [ ] Under $100,000 or Unknown
- [ ] Under $2,500

#### Construction Defect & Contract

**Construction Defect**
- [ ] Chapter 40
- [ ] Other Construction Defect

**Contract Case**
- [ ] Uniform Commercial Code
- [ ] Building and Construction
- [ ] Insurance Carrier
- [ ] Commercial Instrument
- [ ] Collection of Accounts
- [ ] Employment Contract
- [ ] Other Contract

#### Judicial Review/Appeal

**Judicial Review**
- [ ] Foreclosure Mediation Case
- [ ] Petition to Seal Records
- [ ] Mental Competency

**Nevada State Agency Appeal**
- [ ] Department of Motor Vehicle
- [ ] Worker's Compensation
- [ ] Other Nevada State Agency

**Appeal Other**
- [ ] Appeal from Lower Court
- [ ] Other Judicial Review/Appeal

#### Civil Writ

**Civil Writ**
- [ ] Writ of Habeas Corpus
- [ ] Writ of Mandamus
- [ ] Writ of Quo Warrant
- [ ] Writ of Prohibition
- [ ] Other Civil Writ

#### Other Civil Filing

**Other Civil Filing**
- [ ] Compromise of Minor's Claim
- [ ] Foreign Judgment
- [ ] Other Civil Matters

*Business Court filings should be filed using the Business Court civil coversheet.*

06/02/2015
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

SUMM

# District Court

## CLARK COUNTY, NEVADA

LEE BUTLER, an individual;

                Plaintiff,

vs.

CLARK COUNTY, a political subdivision of the
STATE OF NEVADA; DOES 1 through 10; and
ROE Corporations 11 through 20, inclusive,

                Defendants.

Case No.  A-15-719273-C
Dept. No. XIX

## SUMMONS

NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS
YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.

TO THE DEFENDANT: A Civil Petition for Judicial Review has been filed by the plaintiff against you for the relief set
forth in the Complaint.

## CLARK COUNTY

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the
day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the
Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may
enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
response may be filed on time.

Issued at the request of:

Christian Gabroy
Nevada Bar No. 8805
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

WALTER ABREGO-SONILLA    JUL 2 3 2015

By: _____    Date
    Deputy Clerk
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

*NOTE:    When service is by publication, add a brief statement of the object of the action.
              See Rules of Civil Procedure, Rule 4(b).