FISHER & PHILLIPS LLP
MARK J. RICCIARDI, ESQ.
Nevada Bar No. 3141
DAVID B. DORNAK, ESQ.
Nevada Bar No. 6274
ALLISON L. KHEEL, ESQ.
Nevada Bar No. 12986
300 S Fourth Street
Suite 1500
Las Vegas, NV  89101
Telephone:  (702) 252-3131
Facsimile:   (702) 252-7411
E-Mail Address:  akheel@fisherphillips.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEE BUTLER, an Individual, | Case No. 2:15-cv-01689-APG-VCF |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER RE: CONFIDENTIAL INFORMATION** |
| CLARK COUNTY, a political subdivision of the STATE OF NEVADA, DOES 1 through 10; and ROE CORPORATIONS 11 through 20, inclusive, | |
| Defendants. | |

Plaintiff, Lee Butler, by and through his counsel of record, Christian Gabroy, Esq., and Defendant by and through its counsel, Allison L. Kheel, Esq., hereby agree and stipulate as follows:

/ / /

/ / /

/ / /

- 1 -

FPDOCS 32056176.1

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

1.     The parties enter into this Stipulation and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of documents produced by the parties in response to discovery requests and/or documents produced by third parties in response to subpoena served by either party.

2.     Any party may designate and mark certain documents produced in response to discovery requests as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." The party designating such documents shall be referred to as the Designating Party and any party in receipt of such documents shall be referred to as the Receiving Party. Documents so marked may be used only for purposes of this litigation.

3.     Except as otherwise ordered by this Court, documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and the contents of documents so marked may be disclosed only to employees or agents of Clark County, Nevada, and the following persons:

(a)     counsel of record for Plaintiff;

(b)     counsel of record for Defendants;

(c)     the non-technical and clerical staff employed by counsel;

(d)     interpreters and copying services employed by counsel of record's employer to the extent reasonably necessary to render professional services in this case;

(e)     any private court reporter retained by counsel for depositions in this case;

(f)     subject to the terms of paragraph 5, persons retained by counsel to serve as expert witnesses or consultants in this case; and

(g)     personnel of the Court, including court reporters, officials and employees of the Clerk of Court, and staff of the presiding United States District Judge and United States Magistrate Judge, to the extent deemed necessary by the Court.

- 2 -

FPDOCS 32056176.1

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

4.     If counsel for a Receiving Party determines that it is necessary to disclose any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any persons other than the individuals included in paragraph 3, that counsel shall set forth the grounds for the disclosure and seek the written consent of counsel for the Designating Party. The Designating Party shall respond to the Receiving Party's request within seven calendar days unless the Receiving Party agrees to a longer period. If counsel for the Designating Party does not consent, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically regarding the issue, during which meeting and conference counsel for the Receiving Party shall specify the reasons why disclosure is necessary. If any agreement is not reached, the Designating Party shall move the Court within the ten calendar days of the meeting and conference for a protective order preventing disclosure. The Receiving Party shall not disclose the document unless the Designating Party has failed to file a motion within the time allowed or the Court has denied the motion.

5.     If counsel for the Receiving Party determines that it is necessary to disclose any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to an expert or consultants retained to render professional services in this case, that counsel shall notify counsel for the Designating Party in writing at least seven days before the proposed disclosure with the name of the expert or consultant. The Designating Party shall respond to the Receiving Party's notification within seven calendar days unless the Receiving Party agrees to a longer period. If counsel for the Designating Party objects, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically regarding the issue. If an agreement is not reached, the Designating Party shall move the court within ten calendar days of the meeting and conference for a protective order preventing disclosure. The Receiving

FPDOCS 32056176.1

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada  89101

**FISHER & PHILLIPS LLP**
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

1  Party shall not disclose the document unless the Designating Party has failed to file a
2  motion within the time allowed or the Court denies the motion.

3        6.     Any party may object to the propriety of the designation of documents as
4  "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" by objecting and
5  setting forth in writing the grounds for the objection. The Designating Party shall
6  respond to the Receiving Party's objection within seven calendar days unless the
7  Receiving Party agrees to a longer period. If an agreement is not reached, counsel for
8  the Receiving Party and counsel for the Designating Party shall within five court days
9  of the Designating Party's response meet and confer in person or telephonically, during
10 which meeting and conference counsel for the Receiving Party shall specify the grounds
11 for objection with respect to each document at issue. If the parties cannot agree, then the
12 Designating Party will then have ten calendar days after the conference of counsel to
13 file a motion to preserve the confidentiality designation. The burden of proof to
14 demonstrate confidential treatment of any information at all times remain with the
15 Designating Party. The parties shall treat the documents as the subject to this Stipulation
16 and Order unless the Designating Party has failed to file a motion within the time
17 allowed or the Court has denied the motion.

18       7.     Before disclosing any document marked "CONFIDENTIAL" or
19 "SUBJECT TO PROTECTIVE ORDER" to any person identified in subparagraph (c)
20 of paragraph 3, counsel of record for the Receiving Party shall advise that person of the
21 terms of this Stipulation and Protective Order and that he or she is bound by those
22 terms. In addition, before disclosing any document marked "CONFIDENTIAL" or
23 "SUBJECT TO PROTECTIVE ORDER" to any person identified in subparagraphs (d),
24 (e), or (f) of paragraph 3, counsel for the Receiving Party shall ensure that the person
25 (1) has read and agrees to the terms of this Protective Order and (2) has acknowledged
26 his or her agreement by signing a copy of the attached Acknowledgment before any
27 such document is disclosed to him or her:

28     FPDOCS 32056176.1

ACKNOWLEDGMENT

I have read the Stipulation and Protective Order Governing Documents Produced by the Parties in this case. I understand its terms and agree to be bound by the terms of the Protective Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

8.      Counsel for each party shall retain copies of the Acknowledgment forms executed by persons authorized for access on behalf of that party until this litigation, including all appeals, concludes. Nothing in this Protective Order restricts the Designation Party's own disclosure of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

9.      Any person receiving access to a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall maintain the document, any copies of the document, and any information derived from the document in a confidential manner and shall take steps to avoid disclosure to persons not authorized under this Order to have access to the documents or information.

10.      Within thirty days of the conclusion of this litigation, including all appeals, counsel for the Receiving Party shall destroy or send to counsel for the Designating Party all copies of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each document filed with the Court that contains or refers to any of the designated documents.  Furthermore, nothing in this paragraph shall be construed to require the parties' attorneys to disclose any attorney work-product to opposing counsel.

/ / /

/ / /

/ / /

FPDOCS 32056176.1

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

11.    In connection with a deposition in this case, a witness or any counsel may indicate that a question or answer refers to the content of a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." If the indication occurs on the record during the deposition, all persons not authorized to review such documents shall leave the deposition room until completion of the answers referring to the document and the reporter shall mark the transcript of the designated testimony "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

12.    If any party wishes to submit into the written record of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from any such document, that party shall seek to submit the document under seal.

13.    Nothing in this Stipulation and Protective Order prevents any party from challenging any assertion of privilege by any party, and nothing in this Stipulation and Protective Order constitutes a waiver of any assertion of privilege by any party or precludes any party from moving for consideration of information ex parte and in camera.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FPDOCS 32056176.1

- 6 -

**FISHER & PHILLIPS LLP**
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

14.   Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

DATED this 3rd day of August, 2016.          DATED this 3rd day of August, 2016.

**FISHER & PHILLIPS LLP**                **GABROY LAW OFFICES**


By:  /s/ Allison L. Kheel, Esq.          By:  /s/ Christian Gabroy, Esq.
        Allison L. Kheel, Esq.                   Christian Gabroy, Esq.
        300 S. Fourth Street                     170 S. Green Valley Parkway
        Suite 1500                               Suite 280
        Las Vegas, NV 89101                      Henderson, NV 89012
        Attorneys for Defendant Clark County     Attorneys for Plaintiff
        Department of Aviation                   Lee Butler



IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
               August 4, 2016
Dated: _____

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

- 7 -

FPDOCS 32056176.1